IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CURTIS CHRISTIANSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | Case No. 3:12-cv-00186-GPM |
| ) | |
| STACY L. BURTON, JASON FALLERT, ) | |
| and LIEUTENANT TAPHORN ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER

Murphy, District Judge:

Plaintiff, currently incarcerated at Vienna Correctional Center, has brought this *pro se* civil rights action pursuant to **42 U.S.C. § 1983.** Plaintiff was formerly incarcerated at Centralia Correctional Center ("Centralia"). Upon arriving at Centralia on June 9, 2010, Plaintiff was placed in segregation. The placement in segregation was supposed to end on June 19, but Plaintiff was not released on that date. He explained to Centralia staff that he "was being held beyond [his] outdate with the most dangerous and violent inmates within the prison." Doc. 1 at 4. On June 26, Plaintiff was assaulted and injured by his cellmate. Plaintiff received treatment for his injuries at the Health Care Unit ("HCU"). Upon explaining to staff at the HCU that he was supposed to be released from segregation on June 19, Plaintiff was removed from segregation on June 28.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has failed to articulate a colorable federal cause of action. It is unclear why Plaintiff chose to file

1

a lawsuit against the three named Defendants in this case. None of the named Defendants are alleged to have been personally responsible for alleged violation of his constitutional rights. *See Sanville v. McCaughtry,* **266 F.3d 724, 740 (7th Cir. 2001) (citations omitted)**. Rather, each named Defendant appears to have assisted the Plaintiff in some manner prior to or after he was assaulted. Stacy L. Burton, counselor, met with Plaintiff on June 14, 2010, in order to clarify the length of time Plaintiff has received in segregation. Jason Fallert, counselor, responded to a grievance Plaintiff wrote regarding the incident on July 15, 2010. Lieutenant Taphorn assisted Plaintiff in getting released from segregation after the June 26 incident.

Even if Plaintiff could name the individuals actually responsible for his prolonged stay in segregation at Centralia, his allegations do not state a claim for failure to protect from a substantial risk of safety in violation of the cruel and unusual punishments clause of the Eighth Amendment of the U.S. Constitution. The allegations indicate that Plaintiff's extended stay in segregation was due to a clerical error. Negligence by prison officials generally is not actionable in the sphere of constitutional torts. *See Jackson v. Illinois Medi-Car, Inc.*, **300 F.3d 760, 765 (7th Cir. 2002) ("Evidence that the official acted negligently is insufficient to prove deliberate indifference." (citation omitted))**. Furthermore, Plaintiff believed that there was a substantial risk to his safety merely due to his prolonged presence in segregation. There is no allegation that there was a specific and impending threat to Plaintiff's safety. *See Pope v. Shafer*, **86 F.3d 90, 92 (7th Cir. 1996) ("In failure to protect cases, a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." (citation and quotation marks omitted))**. To find that Plaintiff was subject to a substantial risk to his safety under these allegations would be to find

that every prisoner placed in segregation at Centralia is subject to a *de facto* substantial risk to his safety.  For obvious reasons, the Court is not willing to make such a finding.

**Disposition**

Plaintiff's failure to protect claim fails to state a claim upon which relief can be granted and thus is **DISMISSED** with prejudice.

Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of **28 U.S.C. § 1915(g).**

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* **28 U.S.C. § 1915(b)(1);** *Lucien v. Jockisch***, 133 F.3d 464, 467 (7th Cir. 1998).**

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED: August 21, 2012.**

                                                         s/ G. Patrick Murphy
                                                         G. Patrick Murphy
                                                         United States District Judge